No. 7662.

MRS. CÉLESTINE ESCANDE vs. C. V. THIBAUT, SHERIFF, ET AL.

Unless the parties to a suit be awarded a change of venue the cause can not be legally tried and determined except within the parish wherein it is pending.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Pardee*, J.

---

A. & M. E. Livaudais for plaintiff and appellant:

First—A judge has no authority to try causes out of the parish of the defendant's residence or domicile. 21 An. 550.

Second—For the purpose of the determination of the rule, all the facts alleged in the petition must be considered as proven.

Defendant does not deny any of the allegations of the petition, files with his motion no counter affidavit.

.Are the facts set forth in plaintiff's petition sufficient. to warrant the issuance of the injunction ? We call your Honors' attention to the following authorities : Husband's authorization necessary. C. C. 121 ; 13 La. 219 ; 6 R. 17. The husband refusing, the court authorizes. C. C. 124.

The wife being authorized by the judge to prosecute her suit, the presumption is that the husband failed or refused to authorize her. 24 An. 172. Judge cannot authorize, unless husband is absent or refuses. 24 An. 141 ; 11 An. 69.

A confession of judgment by a woman *without* consent of husband is null and void. 29 An. 597.

The wife's incapacity is the same whether she comes before the court as plaintiff or as defendant.

E. H. McCaleb for defendants and appellees.

The only point therefore in this aspect of the case is the want of authority of plaintiff in the first injunction suit. The record shows that the judge authorized her to borrow the money and execute the mortgage sought to be enforced, and that the judge authorized, on her application, the injunction to issue. There seems to be no reason for further authorization, 23 An. 84, and I know of no authority requiring such further authorization. It would certainly be a most vain and useless requirement.

·Giving the petition under consideration the widest interpretation, taking as alleged every thing suggested, the injunction sued out should be dissolved. The case is *res adjudicata*. It has been·tried and finally decided. 14 La. 58 ; 2 An. 494 ; 11 An. 287 ; 9 An. 208 ; 12 An. 197.

'The other questions in this case that were argued refer to the power of the judge to try a rule like the one under consideration, or to dissolve an injunction on the face of the papers, in chambers during vacation, or out of term. In this connection, I am satisfied that, under section 1936, Revised Statutes, the judge may grant all orders relating to injunctions not amounting to a judgment.

---

The opinion of the court was delivered by

DeBlanc, J. Mrs. Escande is a resident of the parish of Plaquemines. There—on the 10th of April, 1879, she enjoined the execution of .a judgment rendered against her. The order of injunction was granted by the judge of the parish court of that locality, acting—as stated by him—in the absence of the district judge.

On the 23d of June, the creditor took a rule on Mrs. Escande and her husband, ordering them to show cause in chambers, on the 28th of ·said month, at the office of the district judge, in the Seventh District of

New Orleans, why the injunction sued out on the 10th of April, should not be dissolved, and they punished for contempt, etc.

The rule was tried at the judge's office, the injunction vacated and annulled, and plaintiff has appealed.

In his brief, her counsel says: "That she does not complain that the judgment was rendered at chambers and out of term, but she complains that it was rendered outside of the parish of her domicile."

Unless the parties be awarded a change of venue, a cause can legally be tried and determined but in the parish wherein it is pending. Otherwise, the trial is irregular and the judgment invalid. C. P. 89.

We admit, as remarked by the district judge, that—of late—the equitable writ of injunction has been often abused, and resorted to for the sole purpose of retarding the execution of final judgments, the validity of which cannot be seriously contested; but this is due to our legislation, which—in this respect—is manifestly incomplete.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is avoided and reversed, the dissolved injunction reinstated, and this cause remanded to the lower court to be proceeded with according to law; the costs of the appeal to be paid by defendants.